UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDITH BROWN, | ) |
| Plaintiff, | ) 16 C 4229 |
| vs. | ) Judge Gary Feinerman |
| CITY OF CHICAGO, BRIAN MURPHY, JENNIFER UZUBELL, and BRIAN KANE, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Edith Brown brought this suit against the City of Chicago and Chicago police officers Brian Murphy, Jennifer Uzubell, and Brian Kane, alleging 42 U.S.C. § 1983 and state law claims arising from an August 2015 encounter with the officers at her home. Doc. 1. After a one-week trial, the jury found for Defendants and the court entered judgment. Docs. 136, 139. Defendants now seek costs under Civil Rule 54(d)(1) and 28 U.S.C. § 1920, with the officers' bill seeking $35,359.16, Doc. 140, and the City's bill seeking $3,817.33, Doc. 142. (The officers' revised bill of costs, attached to their reply brief, seeks $35,229.66. Doc. 161-1.) Brown's objections to the bills, Doc. 158, are sustained in part and overruled in part, resulting in a cost award to the officers of $8,248.25 and to the City of $3,796.93.

Rule 54(d)(1) "provides that, '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (alteration in original) (quoting Fed. R. Civ. P. 54(d)(1)). The Rule "creates a presumption in favor of awarding costs to the prevailing party." *Ibid.*; *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing

party bears the burden of an affirmative showing that taxed costs are not appropriate."). A court awarding costs must ask first "whether the cost imposed on the losing party is recoverable" under § 1920 and, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) "[f]ees of the clerk and marshal"; (2) fees for "transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "[d]ocket fees"; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citation and internal quotation marks omitted).

I.  **The Officers' Bill of Costs**

As to the officers' bill, Brown objects to expert witness fees, certain copying costs, the costs of messenger services and copies of medical records, the cost of an undated court transcript, and the level of detail on the deposition invoices. Doc. 158 at 1-3.

A.  **Witness and Expert Fees**

In addition to $200 in statutory attendance fees for five lay witnesses, *see* 28 U.S.C. § 1821(b), the officers seek expert fees of $3,200 for the time billed by Dr. Percy May (Brown's treating physician) for his deposition and $19,500 for the time billed by Dr. Sherwin Ho (Defendants' medical expert) for his deposition and trial testimony. Doc. 140 at 2, 5; Doc. 161 at 5-6. Brown argues that the expert fees are not recoverable under § 1920. Doc. 158 at 1-2.

2

Settled precedent holds that expert witness fees are not recoverable as "costs" under § 1920, but that a $40 daily attendance fee, travel costs, and an overnight subsistence allowance are recoverable under § 1821. *See Neal v. Honeywell Inc.*, 191 F.3d 827, 834 (7th Cir. 1999) ("[T]he fees of expert witnesses … are not 'costs' [under § 1920], and thus are not compensable as costs, unless some other statute provides for reimbursement.") (emphasis omitted); *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 909 (7th Cir. 1986) ("[A]dditional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in the Federal courts.") (internal quotation marks omitted); *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 865 (7th Cir. 1981) ("We conclude that … expenses incurred by private parties to retain expert witnesses are recoverable as costs under § 1920 only to the extent specified in § 1821."); *Adams v. Carlson*, 521 F.2d 168, 172 (7th Cir. 1975) ("Where, as here, the witnesses involved are expert witnesses, the prevailing party can recover only the statutory amounts prescribed in § 1821 and not additional expert witness fees."). The officers respond, Doc. 161 at 5, by citing cases recognizing that prevailing parties may recover expert fees under rules and statutes other than Rule 54(d)(1) and § 1920. *See Nance v. City of Elgin*, 2011 WL 1750885, at *2 (N.D. Ill. May 3, 2011) (42 U.S.C. § 1988); *Warfield v. City of Chicago*, 733 F. Supp. 2d 950, 955 (N.D. Ill. 2010) (same); *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 901 (N.D. Ill. 2007) (Rule 26(b)(4)); *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001) (same). However, because the officers' brief relies solely on Rule 54(d)(1) and § 1920 to recover May's and Ho's expert witness fees, Doc. 161 at 2, 5-6, the officers forfeit any alternative basis for recovering those fees. *See NRC Corp. v. Amoco Oil Co.*, 205 F.3d 1007, 1014 (7th Cir. 2000) (holding that a party forfeited an alternative ground for recovering attorney fees where it "did not raise" that ground in the district court); *see also G & S Holdings, LLC v.*

*Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.").

Accordingly, the officers may not recover $22,700 for May's and Ho's expert fees as costs under Rule 54(d)(1) and § 1920. The officers do not seek a $40 statutory attendance fee under § 1821(b) for May and Ho, Doc. 140 at 2, so the court limits the officers' recovery of witness fees to $200 for the five lay witnesses they identify.

### B. Copying Costs

The officers seek to recover $3,484.46 paid to a firm called Blue Star for "copying[ and] printing services for trial." Doc. 140 at 6. "Only fees for copies 'necessarily obtained for use in the case' are recoverable" under § 1920(4). *Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) (quoting 28 U.S.C. § 1920(4)); *see also Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 429 (7th Cir. 2000) ("Exemplification that was not reasonably necessary to the presentation of one's case to the court does not qualify for reimbursement under section 1920(4)."); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) ("The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court.") (alteration omitted) (quoting 28 U.S.C. § 1920(4)). Brown argues that "$3,484.46 for copying and printing is neither reasonable or necessary" because the officers "introduced fewer than 10 short exhibits into evidence at trial." Doc. 158 at 3.

As an initial matter, the Blue Star invoices submitted by the officers reflect only $1,876.12 in costs. *Compare* Doc. 140 at 6 (claiming that the officers paid $3,484.46 to Blue Star for "copying, printing services"), *with* Doc. 140-1 at 60 (invoice for $178.36), 66 ($84.76), 68-69 ($11.88 and $19.80), 74 ($1,516.22), 88 ($65.10). Accordingly, the officers may not recover more than $1,876.12 for Blue Star's copying and printing. *See Montanez*, 755 F.3d at

4

559 (holding that the district court need not "make up for the lawyers' lack of documentation" in a bill of costs); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (noting that the party seeking costs "[i]s required to provide the best breakdown obtainable from retained records" of costs); *see also Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may … strike the problematic entries … .").

Brown's objection focuses on a $1,516.22 Blue Star invoice for copying trial exhibits, broken down as follows: $1,222.72 ($414.64 + $414.16 + $393.92) for three sets of trial exhibits—one for the court, one for Brown, and one for the officers—totaling 15,284 pages; $220 for twenty binders; and $73.50 for index tabs. Doc. 140-1 at 74. The court's set of trial exhibits, which consists of 5,183 pages, were set placed in eight four-inch binders. *Ibid*. Exhibits 25 and 28 consisted of 2,984 pages of medical records and 627 nonconsecutively numbered pages of grainy, black and white MRI scans. Those 3,611 pages represent 69.67% of the total pages in the court's set, which the court assumes matches the set the officers provided to Brown and the set they retained for themselves.

The officers assert that their trial exhibits "were prepared for impeachment purposes, as demonstrative exhibits, and/or for trial arguments." Doc. 161 at 4. But the officers fail to explain how Exhibits 25 and 28—an undifferentiated mass of 3,611 pages of medical records and MRI scans—realistically could have been used at trial for impeachment or any other purpose. *See CBOE, Inc. v. Int'l Sec. Exch., LLC*, 2014 WL 125937, at *7 (N.D. Ill. Jan. 14, 2014) ("The party seeking recovery [of copying costs] must also come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."); *Andrews v. Suzuki Motor Co.*, 161 F.R.D. 383, 386 (N.D. Ill. 1995) (noting

that the court will not award "costs associated with extravagant, useless, or obviously unnecessary copies"). This is fatal to the officers' attempt to recover the costs of reproducing those two exhibits, for they "carr[y] the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *see also Mortera v. Target Corp.*, 2019 WL 1532960, at *2 (N.D. Ill. Apr. 9, 2019) (similar, collecting cases); *Ochana v. Flores*, 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002) ("The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet the burden, the court should not award costs for those items.").

No other trial exhibits were nearly as unwieldy as Exhibits 25 and 28, and thus reasonably could have been used at trial. Although Brown suggests that the officers should recover costs only for the trial exhibits actually used at trial, "documents need not be introduced at trial in order for the cost of copying them to be recoverable." *Sangamo*, 657 F.2d at 867. Rather, "[t]he proper inquiry [under § 1920] is whether the [evidence] was reasonably necessary to the case at the time it was [obtained], not whether it was used … in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (internal quotation marks omitted). Moreover, Brown does not identify any particular exhibits that she believes were unnecessary, thereby forfeiting the issue. *See Wine & Canvas Dev., LLC v. Muylle*, 868 F.3d 534, 538 (7th Cir. 2017) (considering arguments "wholly unsupported by developed argument citing the record and supporting authority" to be "forfeited").

Accordingly, the court reduces the $1,222.72 in copying costs and the $220 in binder costs reflected in the challenged Blue Star invoice by 69.67%, to $370.85 and $66.73, respectively. Brown does not challenge the $73.50 in costs for the index tabs. So, the court

permits the officers to recover $511.08 ($370.85 plus $66.73 plus $73.50) from the challenged Blue Star invoice. Doc. 140-1 at 74. In total, the officers' bill for Blue Star copies is reduced from $3,484.46 to $870.98 ($511.08 plus $359.90 from the unchallenged invoices).

### C. Medical Records Costs

The officers seek $584.06 in costs for obtaining medical records: $164.68 from Midwest Medical Records; $38.83 from Diversified Medical Records Services; and $380.85 from Ciox Health. Doc. 140 at 6. Brown contends that the cost of copying medical records is not recoverable under § 1920(4). Doc. 158 at 3. The Seventh Circuit has rejected that position. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) ("The papers included copies of medical records and pleadings. These costs are clearly allowable."); *see also Arce v. Chi. Transit Auth.*, 2017 WL 714107, at *6 (N.D. Ill. Feb. 23, 2017) ("[G]iven that these records were exclusively in the possession of specific medical providers, it is likely that [the prevailing defendant] had little choice but to pay the various doctors' going rates for record retrieval and delivery."), *aff'd*, 738 F. App'x 355 (7th Cir. 2018); *Bonds v. Fizer*, 69 F. Supp. 3d 799, 804-05 (N.D. Ill. 2014) ("[A]warding the costs of obtaining copies of medical records necessary for a case is clearly allowable in the Seventh Circuit.") (internal quotation marks omitted) (collecting cases).

Nonetheless, the officers must provide sufficient documentation justifying the medical records costs. *See Montanez*, 755 F.3d at 559; *Northbrook*, 924 F.2d at 643. The officers submit three Ciox invoices—two for $20 each, Doc. 140-1 at 48, 54, and a third for $76.86, *id.* at 53— and the checks submitted by the officers reflect payment of $116.86, *id.* at 16, 18. The court therefore reduces the Ciox records costs from $380.85 to $116.86, and accordingly allows the

7

officers to recover $320.37 in medical records costs ($164.68 from Midwest, plus $38.83 from Diversified, plus $116.86 from Ciox).

      D.      **Messenger Service Costs**

Brown objects to $276.44 in costs that the officers seek for "delivery of documents to Plaintiff" via U.S. Messenger. Doc. 140 at 6; Doc. 158 at 3. The court need not resolve Brown's assertion that § 1920 does not permit prevailing parties to recover for messenger services, Doc. 158 at 3, because the officers' invoices do not allow the court to determine whether "the requested costs were necessarily incurred and reasonable." *Chi. Plastering*, 570 F.3d at 906. First, despite the officers' claim that they seek costs for sending documents to Brown's counsel, only two entries, totaling $12.60, in fact are for documents sent to counsel. Doc. 140-1 at 58 (no delivery to Brown's counsel), 65 (no delivery to counsel), 73 (one delivery to counsel costing $6.60), 85 (one delivery to counsel costing $6.00). Second, no entry specifies what the messenger actually delivered. *See Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 2016 WL 4503559, at *11 (N.D. Ill. Aug. 29, 2016) (disallowing postage costs because the movant provided "no descriptions that would allow [the non-movant] or the court to determine whether the charges were reasonably incurred"), *aff'd*, 886 F.3d 626 (7th Cir. 2018); *Whitehead v. Gateway Chevrolet, Oldsmobile, Inc.*, 2004 WL 1073642, at *5 (N.D. Ill. May 7, 2004) ("[The non-movant] does not provide any details regarding its costs, such as … what was sent via messenger. Without these specifications, the court has no basis to determine whether the costs were necessary and reasonable."); *Newsome v. McCabe*, 2002 WL 1008472, at *8 (N.D. Ill. May 17, 2002) ("The cost logs do not say what was … mailed or why. The Court cannot determine whether any of these expenses were necessary or reasonable. As a result, [the movant] may not recover for them."). Accordingly, the officers may not recover the cost of messenger services.

### E. Court Transcript Costs

Brown next objects to $18.50 in costs for an undated court transcript. Doc. 158 at 3 (citing Doc. 140 at 3). Although the revised bill of costs identifies the transcript as from the February 27, 2017 status hearing, Doc. 161-1 at 4; Doc. 58, the officers fail to respond to Brown's argument that they do not explain why obtaining the transcript was "necessary," Doc. 158 at 3. By not responding to that specific objection, the officers forfeit their request for the $18.50 court transcript fee. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 387 n.9 (7th Cir. 2018) ("Portalatin does not directly or fully respond to Blatt's argument that … she is not entitled to an award of attorney's fees or costs, and she therefore forfeited any pertinent arguments."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.").

### F. Deposition Costs

The original bill sought $8,095.40 in deposition costs, Doc. 140 at 3-4, which the revised bill adjusts to $7,965.90, Doc. 161-1 at 4-5. Brown objects on the ground that the officers do not adequately identify the depositions for which they claim costs. Doc. 158 at 2.

Brown is correct that the original bill does not identify the deposition date or (except for Brown herself) the deponent associated with each charge. Doc. 140 at 3-4. However, many of the charges identified by the original bill—the amount paid, the vendor, the date of payment— match the invoices and checks the officers submitted. *Compare ibid*. (payment of $1,038 to Magna Legal Services in September 2017 from Brown's deposition; $187.50 to Urlaub Bowen & Associates in November 2017; $315 to McCorkle Litigation Services in December 2017; $245 to McCorkle in December 2017; $1,211.45 to Sullivan Reporting in January 2018; $588.75 to McCorkle in January 2018; $1,501.90 to Sullivan in February 2018; $676 to Sullivan in March

2018; $646.70 to McCorkle in March 2018; and $446.60 to McCorkle in May 2018), *with* Doc. 140-1 at 6, 43 (Magna invoice for Brown's deposition), 8, 44 (Urlaub invoice for $187.50 paid in November 2017), 11, 45 (McCorkle invoice for $315 paid in December 2017), 12, 46 (McCorkle invoice for $245 paid in December 2017), 14, 49-50 (Sullivan invoices for $702.65 and $508.80 paid in January 2018), 15, 51 (McCorkle invoice for $588.75 paid in January 2018), 20, 59 (Sullivan invoice for $1,501.90 paid in February 2018), 22, 62 (Sullivan invoice for $676 paid in March 2018), 23, 64 (McCorkle invoice for $646.70 paid in March 2018), 39, 86 (McCorkle invoice for $446.60 paid in May 2018). Moreover, the revised bill identifies the deponent for each entry. Doc. 161-1 at 4-5. Because the officers' bills and supporting documentation provide sufficient detail to justify the deposition costs, the officers may recover them. *See Massuda v. Panda Express, Inc.*, 2014 WL 148723, at *3 (N.D. Ill. Jan. 15, 2014) ("While a prevailing party need not provide a detailed breakdown … , the party must provide enough information to allow the court to know what is taxable and what is not.") (citing *Northbrook*, 924 F.2d at 643).

However, the officers may not recover $1,238.50 in claimed deposition costs that do not have corresponding invoices, Doc. 140 at 3-4 ($280 to McCorkle, $187.50 to Urlaub, and $771 to Sullivan); Doc. 161-1 at 4-5 (revised bill abandoning claims for $280 and $187.50). *See Montanez*, 755 F.3d at 559; *Northbrook*, 924 F.2d at 643; *see also Harper*, 223 F.3d at 605. And although the officers' revised bill includes a deposition charge that their original bill did not claim, *compare* Doc. 140 at 3 (claiming $1,038 from Brown's deposition), *with* Doc. 161-1 at 4 (claiming $1,376 from Brown's deposition), they forfeited that additional cost by not claiming it until their reply. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Because

Volvo raised the applicability of the Maine statute in its reply brief, the district court was entitled to find that Volvo waived the issue.").

Brown does not challenge any other aspect of the officers' request for deposition costs, so any such challenge is forfeited. *See Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017) ("By failing to file a motion challenging any of those costs … , [the non-movant] waived such a challenge."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … ."). Accordingly, the court allows the officers to recover $6,856.90 in deposition costs ($8,095.40 minus $1,238.50).

\* \* \*

In sum, the officers' $35,359.16 bill is reduced to $8,248.25 ($6,856.90 in deposition costs, plus $320.37 in medical records costs, plus $870.98 in copying costs, plus $200 in statutory witness attendance fees).

## II. The City's Bill of Costs

As noted, the City seeks $3,817.33 in costs. Doc. 142. Brown objects to the City's requests for court and deposition transcript costs. Doc. 158 at 2-3 (citing Doc. 142 at 3-4).

### A. Court Transcript Costs

The City seeks $82.45 for an expedited transcript from a March 21, 2017 status hearing. Doc. 142 at 4, 11. Brown asserts that the transcript was not "necessarily obtained" under 28 U.S.C. § 1920(2). Doc. 158 at 3.

Despite Brown's assertion that no "argument" or "ruling" occurred at that status hearing, *ibid.*, the hearing involved argument and a ruling on Brown's renewed motion to compel and request for "reasonable expenses" under Rule 37(a)(5)(A), Docs. 56, 61. Moreover, Brown cites

11

no authority for the proposition that a court proceeding must "affect the merits or outcome of the case" for the transcript to be "necessary" under § 1920(2), Doc. 158 at 3, thereby forfeiting the point. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 n.3 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority … forfeits the point.") (internal quotation marks omitted). In any event, Brown's objection fails on its merits, for "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (internal quotation marks omitted), *superseded in other part by* Fed. R. Civ. P. 30(b)(3); *see also Majeske*, 218 F.3d at 825 (similar); *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 945 (N.D. Ill. 2012) (allowing recovery of the "costs for court transcripts" where the movants claimed that "they only ordered the court transcripts when it was necessary to refer to in writing briefs for the Court") (internal quotation marks omitted). Here, the City reasonably claims that it purchased the transcript shortly before trial to protect itself in case Brown renewed her complaints about the lack of discovery or her request for discovery sanctions. Doc. 162 at 3.

Although the eleven-month delay between the March 2017 hearing and April 2018 transcript order does not mean that the transcript was unnecessarily obtained, the City fails to explain why, given the delay, using the "Expedited" ($4.85/page) rate rather than the "Ordinary" ($3.65/page) rate was reasonable. Doc. 142 at 11; *see Cengr*, 135 F.3d at 457 (holding as to the cost of an "expedited transcript" that "Defendant cannot wait until the last minute, incur additional expenses from its delay, and then stick plaintiff with the bill"); *Se-Kure*, 873 F. Supp. 2d at 945 ("[P]arties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis.") (internal

quotation marks omitted). Accordingly, the court awards the City the cost of the March 21, 2017 court transcript at the "Ordinary" per-page rate, or $62.05 (17 pages at $3.65/page).

B.     **Deposition Costs**

The City also seeks $3,734.88 in costs for seven deposition transcripts. Doc. 142 at 3-4. Brown objects on the ground that those transcripts are redundant with the transcripts ordered by the officers. Doc. 158 at 2. Brown's objection fails.

Although Brown's *Monell* claim against the City was bifurcated from her other claims, Docs. 44-45, Brown brought two state law *respondeat superior* claims against the City, Doc. 1 at ¶¶ 132, 142. As a result, the City had an independent interest in obtaining discovery on Brown's state law claims, so ordering the transcripts was reasonable. *See Barber*, 7 F.3d at 645; *Se-Kure*, 873 F. Supp. 2d at 945. Brown's argument that the City and the officers should have shared a single set of deposition transcripts fails to acknowledge that the City is legally distinct from the officers and was represented by separate counsel. Doc. 162 at 2. In any event, Brown forfeited her objection by failing to support it with pertinent legal authority. *See Windy City*, 536 F.3d at 668 n.3. Accordingly, the City may recover the full costs, $3,734.88, of ordering the deposition transcripts. *See Lauth*, 863 F.3d at 718; *Alioto*, 651 F.3d at 721.

\* \* \*

In sum, the City is entitled to recover $3,796.93 ($62.05 for the court transcript plus $3,734.88 for the deposition transcripts) in costs.

## Conclusion

Brown's objections to Defendants' bills of costs are sustained in part and overruled in part. The officers' bill of costs of $35,359.16 is reduced by $27,110.91 ($22,700 in expert witness fees, $2,613.48 in copying costs, $263.99 in medical records costs, $276.44 in messenger

service costs, $18.50 in court transcript costs, and $1,238.50 in deposition costs), resulting in a cost award of $8,248.25. The City's bill of costs of $3,817.33 is reduced by $20.40 in court transcript costs, resulting in a cost award of $3,796.93.

April 30, 2019

_____
United States District Judge